UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES OVERLY, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-12-0832 |
| CHRIS GARMEN, et al., | : (Judge Kosik) |
| Defendants | : |

## MEMORANDUM

On May 4, 2012, Plaintiff James Overly, an inmate confined at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he names as Defendants the following SCI-Smithfield officials: Chris Garmen, Unit Manager; Bradley Fisher, Correctional Counselor; and Lisa Hollibaugh, Grievance Coordinator. He has submitted the full filing fee in this matter. As such, the complaint will be afforded preliminary screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the court finds that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Allegations of the Complaint

Plaintiff alleges that Defendant Fisher was deliberately indifferent to his needs in violation of the Eighth Amendment when he failed to notify him of his mother's death. He claims that Fisher's supervisor, Defendant Garmen, failed to reprimand Fisher for his actions, and also failed to notify him of his mother's passing. Due to Defendants' actions, Plaintiff alleges that he was unable to make plans to view the body and grieve with his family members. (Doc. 1, Compl. at 2.) He states that he did not find out about the death until days later. (Id. ¶ 13.) When Plaintiff asked Defendant Fisher why he had not been advised right away, he stated that the Chaplain at the prison had been unable to verify the death. (Id. ¶ 14.) He states that he is 69 years old, that the news was emotionally upsetting to him and that Defendant Garmen's abuse of power added more stress.

Plaintiff also alleges that when he was first housed on E-Block of the prison, he was moved to different cells five (5) times within three (3) months and believes it was for the purpose of harassment/retaliation. (Id. ¶ 16.) He also states that with each cell move, he had to wait 3-5 days before the cable television was switched over to his new cell. (Id. ¶ 17.) Due to all of this stress, he states he experienced chest pain and was taken to the infirmary on December 24, 2011.

Plaintiff further alleges that he has not received a response to a grievance he filed on December 28, 2011. He states that he sent a request slip to Defendant

Hollibaugh inquiring as to the status of the grievance, but that Hollibaugh has failed to properly process his grievance/respond thereto. Based on the foregoing, he requests declaratory, compensatory and punitive relief.

## II. Discussion

### A. Standard of Review

Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act[1] obligates the court to engage in the screening of the complaint. Specifically, Section 1915A provides as follows:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief against a defendant who is immune from such relief.

In determining whether a complaint states a claim, the court uses the same standard of review to screen a complaint under the PLRA as a Rule 12(b)(6) motion. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in

---

[1] Pub.L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

3

the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint

that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

**B.    Analysis**

Plaintiff first contends that by not being advised of the death of his mother and, as a result, being deprived of the ability to attend her viewing, Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

It is well established that the Eighth Amendment protects prisoners from various types of harm. See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994)(noting that the Eighth Amendment not only prohibits prison officials from using excessive force; it also imposes duties to provide humane conditions of confinement such as ensuring that inmates receive adequate food, clothing, and medical care). To state a cognizable claim, however, a prisoner must allege facts that, if proven, would satisfy two requirements–first, the alleged deprivation of rights must be sufficiently serious; second, the prison official must have acted with a "sufficiently culpable state of mind." See id. at 834. The precise nature of these two requirements will vary depending on the context of the particular claim. See, e.g., Hudson v. McMillian, 503 U.S. 1, 8-10 (1992). District courts within the Third Circuit have found that an inmate has no constitutional right to a funeral furlough. See Dumas v. Pennsylvania Dep't of Corrections, 2007 WL 1276908, *8 (W.D. Pa. 2007); Fisher v. McBride,

2007 WL 120079, *5 (D.Del. Jan. 12, 2007); Mills v. Walker, 2005 WL 2807171 (D.N.J. Oct. 25, 2005)(holding that there is no constitutionally protected liberty interest in the attendance of a funeral for either a pre-trial detainee or convicted prisoner).[2] Accordingly, this claim is subject to dismissal.

To the extent Plaintiff contends that his constitutional rights were violated because his cell was changed five (5) times during his first three (3) months of being housed on E Block, and that each time he had to wait 3-5 days to have his cable activated in the new cell, he also fails to state a claim upon which relief can be granted. It is well-settled that an inmate has no constitutional right to be housed at any particular prison, to any specific security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). As such, the fact that Plaintiff may have been moved to different cells over the course of his confinement on E Block and these moves disrupted his cable service does not state a viable claim.[3]

---

[2] Moreover, the court notes that there are no allegations to support any inference that the allowance of such leave to attend funerals was customary or that other inmates were permitted to attend funerals and that Defendants deprived Plaintiff of the ability to do so with deliberate indifference to any serious medical, physical or mental health need of Plaintiff.

[3] Further, Plaintiff's general allegation that the moves were for the purpose of harassment and retaliation also does not save this claim. It is well-established that in order to state a claim of retaliation an inmate must satisfy the following three elements: (1) that he was engaged in a constitutionally protected activity; (2) that he

Plaintiff also contends that Defendant Hollibaugh violated his constitutional rights when she failed to respond to a grievance he filed on December 28, 2011. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, 204 F. App'x 155, 156-57 (3d Cir. 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005)(citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer upon prison inmates any substantive constitutional rights. Hoover v. Watson, 886 F.Supp. 410, 418-19 (D.Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). For these reasons, the court finds that Plaintiff also fails to state a claim with respect to Defendant Hollibaugh. An appropriate Order follows.

---

suffered some adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his constitutionally protected conduct was a motivating factor in the decision to take the adverse action against him. See Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001). Plaintiff fails to set forth any allegations establishing any of the foregoing factors.

7